IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DEVERICK SCOTT,                                                                                     PLAINTIFF
ADC #131042

v.                                   4:20-cv-01487-KGB-JJV

JAMES GIBSON; *et al.*                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

**I.   INTRODUCTION**

Deverick Scott ("Plaintiff") is a prisoner in the Varner Unit of the Arkansas Division of Correction ("ADC"). He has filed this *pro se* action alleging Defendants violated his constitutional rights, as protected by 42 U.S.C. § 1983, and committed several torts under Arkansas

1

law.[1]  (Doc. 2.)   Although the Complaint is difficult to decipher, it appears Plaintiff is alleging that:  (1) Defendant LaQuilla Swopes used excessive force, retaliated against him, committed the torts of assault and battery, and acted negligently when she punched him on November 22, 2019; and (2) immediately thereafter, Defendants Swopes, Mary Lloyd, James Plummer, and Willie Taylor violated several constitutional provisions by putting him on behavior control status for seventy-two hours.  Plaintiff has not raised any factual allegations against Defendant James Gibson.  (*Id.*)  And, he seeks damages, as well as injunctive relief.  (*Id.*)

Defendants have filed a Motion for Judgment on the Pleadings arguing, among other things, that they are entitled to dismissal based on the doctrine of sovereign immunity.  (Docs. 31, 32.)  Plaintiff has filed a Response.  (Docs. 35, 36.)  After careful consideration and for the following reasons, I recommend the Motion be GRANTED, and Plaintiff's claims against Defendants be DISMISSED with prejudice.

**II.   STANDARD OF REVIEW**

Rules 12(c) and (h) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). When considering a motion for judgment on the pleadings under these Rules, the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).  The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).  In

---

[1]  Plaintiff originally filed this case in state court.  On December 23, 2020, Defendants removed the case to federal court and paid the fee in full.  (Doc. 1.)

addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion for judgment on the pleadings, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016). The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 556 at 678. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

### III.  ALLEGED FACTS

Plaintiff says that on November 22, 2019, Defendant Swopes hit him "with a closed fist to my back shoulder neck area" while he was handcuffed and being shackled by two other officers. (Doc. 2 at 2.) According to Plaintiff, Defendant Swopes "punched me so hard it was like a shotgun" and caused him "to fall on the wall." (*Id.*) Plaintiff believes Defendant Swopes punched him in retaliation for a "previous altercation." (*Id.*) On the same day, Defendant Swopes filed prison disciplinary charges against Plaintiff stating, in relevant part:

> While leg restraints was being placed on Inmate Derrick Scott he grab me on the buttocks. I Sergeant Swopes in my defense turned around and hit Inmate Scott because I felt threatened by him touching me inappropriately. Inmate Scott begin yelling in a loud voice I didn't touch you and you hit me.

(*Id.* at 6.)

3

Plaintiff says Defendants Swopes, Taylor, Lloyd, and Plummer put him on behavior control status for seventy-two hours while those charges were being investigated. (*Id*. at 16-17). While on behavior control status, Plaintiff says his personal property was seized, he was forced to wear boxers and a paper gown, he had a blanket but no mattress or sheets, and he did not have sufficient toiletries. At the conclusion of a hearing, a disciplinary officer found Plaintiff guilty of using physical force on a staff member and creating unnecessary noise including disruptive or aggressive play. (*Id*. at 7-9.) As punishment, Plaintiff was ordered to spend thirty days in punitive isolation, his class was reduced, and his commissary, phone, and visitations privileges were suspended for sixty days. (*Id*.) He did not lose any good time credits.

## IV.  DISCUSSION

Defendants argue, among other things, that all claims against them should be dismissed pursuant to the doctrine of sovereign immunity. Because I agree, there is no need to address their alternative arguments for dismissal.

Plaintiff's sixty-three page Complaint does not specify whether he is suing Defendants in their official and/or individual capacities. (Doc. 2.) When a complaint is silent in this regard, it is construed as raising official capacity claims only. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). On the same day Plaintiff filed his Complaint in state court, he also filed an Application to Proceed *In Forma Pauperis* and a "Notice of Intent to File Civil Charges" – neither of which were served on Defendants. (Doc. 1 at 48-54.) In the two-page Notice, Plaintiff says he is seeking a "Judgment against the Defendants in the sum of $2,000 each severally/jointly in their personal/individual capacities for punitive damages." (Doc. 1 at 54.) Plaintiff now argues this sentence - made outside of the Complaint and in an unserved Notice - is sufficient to indicate he is suing Defendants in both their official and individual capacities. (Doc. 35 at 1.) I disagree.

4

The Eighth Circuit has repeatedly held that to sue a public official in his or her individual capacity, a plaintiff must "expressly and unambiguously" state so in the complaint. *KD v. Douglas Cty. Sch. Dist. No.*, 1 F.4th 591, 599 (8th Cir. 2021); *Mick*, 883 F.3d at 1079 (same); *see also Alexander v. Hedback*, 718 F.3d 762, 766 n. 4 (8th Cir. 2013) (defendants were sued in their official capacities only because the "amended complaint did not designate that the officers were being sued in their individual capacities, and Alexander did not seek leave to amend the complaint to do so"). Because Plaintiff did not expressly and unambiguously state in his Complaint he was suing Defendants in their individual capacities, he may only proceed with claims against them in their official capacities.

The doctrine of sovereign immunity, which is derived from the Eleventh Amendment, precludes the recovery of monetary damages from state officials acting in their official capacities unless the state has waived its immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989*)*; *Kruger v. Nebraska*, 820 F.3d 295, 301(8th Cir. 2016). Defendants are state officials, and the State of Arkansas has not waived its Eleventh Amendment immunity. *Burk v. Beene*, 948 F.2d 489, 493-94 (8th Cir. 1991). Thus, Defendants are entitled to sovereign immunity from Plaintiff's request for <u>monetary damages</u> against them in their official capacities.

In *Ex Parte Young*, 209 U.S. 123 (1908), the United States Supreme Court held sovereign immunity does not apply to a request for <u>injunctive relief</u> against state defendants in their official capacities.[2]  *See Rowles v. Curators of Univ. of Mo.,* 983 F.3d 345, 357 (8th Cir. 2020); *Monroe*

---

[2]  In a footnote, Defendants say Plaintiff is not entitled to injunctive relief pursuant to the factors established in *Dataphase Systems Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 113-114 (8th Cir. 1981) (threat of irreparable harm, the balance of harm between the plaintiff and the defendant, probability of success on the merits, and the public interest). However, those factors apply to whether a preliminary injunction should be granted, and not a permanent, prospective injunction as sought by Plaintiff in his Complaint. *See Dataphase*, 640 F.2d at 112 (noting, when vacating the trial court's grant of preliminary injunctive relief, that its holding was "without prejudice to the entry

*v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). However, the *Ex Parte Young* exception only applies to "prospective" injunctive relief to remedy "ongoing" constitutional violations. *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002); *Bennie v. Munn,* 822 F.3d 392, 397 (8th Cir. 2016). It does not apply to injunctive relief to correct "past" constitutional violations. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 (1993); *Entergy, Ark., Inc. v. Nebraska*, 210 F.3d 887, 898 (8th Cir. 2000) ("injunctive relief under *Ex Parte Young* cannot be premised on proof of past misconduct by the state"; instead, it is only available "where a plaintiff alleges an *ongoing* violation of *federal law*, and where the relief sought is *prospective* rather than retrospective") (emphasis in the original). In other words, to obtain prospective "injunctive relief, a plaintiff must show some substantial likelihood that past conduct alleged to be illegal will recur." *Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989).

The allegations in the Complaint deal with the November 22, 2019 use of force and Plaintiff's subsequent placement on behavior control status for seventy-two hours while that altercation was being investigated. Plaintiff does not allege there is an "ongoing" violation or that there is a "substantial likelihood" the events that transpired in November 2019 will recur. Thus, the *Ex Parte Young* exception to the sovereign immunity doctrine does not apply.[3]

---

of a permanent injunction"). And, requests for a preliminary injunction cannot be imbedded in a complaint; it must be raised in a separate motion with an accompanying brief. *See* Local Rule 7.2(e). Plaintiff has not filed any such motion.

[3] Further, even if sovereign immunity was not an issue, Plaintiff cannot obtain the majority of the injunctive relief he seeks. Specifically, he does not have standing to seek criminal charges against Defendant Swopes for assault and battery. *See Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). And, his request to be released from thirty days of punitive isolation and restoration of his privileges that were suspended for sixty days - in November of 2019 - are moot. *See Zajrael v. Harmon*, 677 F.3d 353, 354 (8th Cir. 2012) (a prisoner's claim for injunctive relief is rendered moot if he or she is no longer subjected to the constitutional violation). Finally, Plaintiff asks the Court to order his return to general population so that he can receive a prison job. But, Plaintiff's

Accordingly, I find Defendants are entitled to sovereign immunity from the claims raised against them in their official capacities, and I recommend the Complaint be dismissed with prejudice.

**V.    CONCLUSION**

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendants' Motion for Judgment on the Pleadings (Doc. 31) be GRANTED, and the Complaint (Doc. 2) be DISMISSED with prejudice.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 20th day of July 2021.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

current assignment to administrative segregation has nothing to do with the November 2019 claims he has raised against Defendants in this lawsuit. *See* 18 U.S.C. § 3626(a)(1) ("in any civil action with respect to prison conditions" the "court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, *extends no further than necessary to correct the violation of the Federal right*, and is the least intrusive means necessary to correct the violation of the Federal right) (emphasis added).