THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEVERICK SCOTT,**                                                                                          **PLAINTIFF**
**ADC #131042**

v.                                   Case No. 4:20-cv-01487-KGB

**JAMES GIBSON** *et al.*                                                                                   **DEFENDANTS**

## ORDER

Before the Court are the Proposed Findings and Recommendations ("Recommendation") submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 37). Plaintiff Deverick Scott filed timely objections (Dkt. No. 38).

Judge Volpe recommends that this Court grant defendants' motion for judgment on the pleadings and dismiss with prejudice Mr. Scott's claims (Dkt. Nos. 31; 37, at 7). Judge Volpe explains that Mr. Scott's claims warrant dismissal for two reasons. First, Mr. Scott fails to state that his action is against each defendant in an individual capacity (Dkt. No. 37, at 4-5). Seeking monetary relief against defendants sued in their official capacities only violates the Eleventh Amendment (*Id.*). Second, although *Ex Parte Young*, 209 U.S. 123 (1908), permits a plaintiff to seek prospective injunctive relief against state defendants sued in their official capacities, Judge Volpe explains that Mr. Scott fails to allege an ongoing violation of federal law that would warrant prospective injunctive relief thus barring his claims for injunctive relief as well (*Id.*, at 5-7).

Mr. Scott filed a timely objection, wherein he disagreed with Judge Volpe's Recommendation regarding the first justification for dismissal (Dkt. No. 38). Mr. Scott claims that he, in his notice of intent to file charges, made clear that he was suing defendants in their individual and official capacities (Dkt. Nos. 1, at 53-54; 38, at 1-2). Judge Volpe's

Recommendation construed this notice of an intent to file separate and apart from Mr. Scott's complaint because it was "an unserved notice" (Dkt. No. 37, at 4).

After careful consideration, a review of Mr. Scott's objections, and a *de novo* review of the record, the Court adopts, in part, and modifies, in part, Judge Volpe's Recommendation to the extent that it finds Mr. Scott's claims, in their current form, deficient and warranting dismissal (Dkt. No. 37, at 4-7). However, this Court does not adopt the erroneous statement characterizing Mr. Scott's complaint as a "sixty-three page" document that "does not specify whether he is suing [the] [d]efendants in their official and/or individual capacities" (Dkt. No. 37, at 4). The record before the Court indicates that the complaint is 29 pages long, not 63 pages, though this Court agrees that the complaint lacks any indication of what capacity the plaintiff intends to sue the defendants (Dkt. No. 2). The notice of removal appears to be 63 pages in length and includes the unserved notice in which Mr. Scott states his intent to sue defendants "in their personal/individual capacities for punitive damages" (Dkt. No. 1, at 54). The Court agrees with Judge Volpe's assessment that the notice is not part of Mr. Scott's pleadings. *See KD v. Douglas Cty. Sch. Dist. No. 001*, 1 F.4th 591, 599 n.5 (8th Cir. 2021) (explaining "this [C]ourt has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.") (internal citations omitted); *see generally Shaver v. Astrue*, 783 F. Supp. 2d 1072, 1078 (N.D. Iowa 2011) (quoting *Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989) (per curiam), and noting that "[a] civil cover sheet 'is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers.'"). Pleadings are described in Federal Rule of Civil Procedure 7(a), and Mr. Scott's unserved notice does not satisfy the requirements.

For these reasons, the Court adopts, in part, and modifies, in part, Judge Volpe's recommendation and dismisses Mr. Scott's complaint against defendants in their official capacities with prejudice. The Court grants Mr. Scott's motion for copies (Dkt. No. 40). The Court directs the Clerk to send to Mr. Scott a copy of the docket sheet, along with this Order and Judgment. The Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the Order and Judgment entered in this case would not be taken in good faith.

It is so ordered this 28th day of February, 2022.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge